ROGERS and others, Appellants, vs. BOARD OF SCHOOL DI-
RECTORS OF THE TOWN OF BRULE, Respondent.

*March 31—April 20, 1909.*

*Schools and school districts: Orders: Validity: Burden of proof.*

In an action on orders of a board of school directors the defend-
ant has the burden of proof on the issue of their invalidity.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Reversed.*

*H. V. Gard,* for the appellants.

For the respondent there was a brief by *Grace & Hudnall*
and *C. R. Fridley,* and oral argument by *G. B. Hudnall.*

TIMLIN, J.   The same question of pleading is presented as
was relied upon in *Rogers-Ruger Co. v. School Directors,*
*ante,* p. 135, 120 N. W. 849.   The bill of exceptions in this
case appears to be a copy of the bill in that case.   The court
found as a fact "that said described orders were directed to be
issued at special meetings of the said board of school directors
held on the respective dates upon which the orders were is-
sued, at which meetings there were present only two members
of said board, to wit, Thomas Doherty and Arthur Piefke,
and that no notice of any of said meetings was given, and the
third member of said board of directors had no notice or
knowledge of said meetings or any or either of them."   From
this the court concluded that all the orders were invalid and
constituted no indebtedness.   The bill of exceptions is certi-
fied to contain all the evidence, but it contains no evidence
bearing upon the fourth or fifth findings of fact, and neither
of these findings is conclusive upon the defendant's liability
or nonliability.   The levy of $3,000 for a new schoolhouse
might or might not authorize the purchase of a site, depend-
ing upon the proper construction of the resolution, and af-
fected, it may be, by proof *dehors* the record of facts and cir-

cumstances.    The site might have been lawfully purchased out of other funds under the charge of the board.    All this is the subject of proof, and the party alleging invalidity must show it.

For the further reasons given in Rogers-Ruger Company against the same defendant and decided herewith (*ante,* p. 135), the judgment of the superior court must be reversed and the cause remanded for a new trial.

*By the Court.*—It is so ordered.